## GREAT FALLS TOWNSITE CO., APPELLANT, *v.* KOWELL, RESPONDENT.

(Nos. 3,894 and 3,934—Consolidated Appeals.)

(Submitted March 14, 1918.    Decided April 20, 1918.)

[172 Pac. 321.]

*Ejectment — Appeal and Error — Brief — Judgment — Immaterial Modification.*

Appeal and Error—Briefs—New Trial Order—Affirmance, When.
1.   An order denying a new trial will be affirmed where there is neither brief nor argument challenging the justice or accuracy of the verdict, nor any reason suggested why the motion should have been granted.

Ejectment — Judgment — Immaterial Modification — Right of Appellant to Complain.
2.   Where plaintiff corporation in an action in ejectment was decreed to be without right or title and, by failure to assail it, in effect confessed that it was not injured by the scope of the judgment, it was not in position on appeal to ask for a modification of it.

*Consolidated appeals from District Court, Cascade County; J. B. Leslie, Judge.*

ACTIONS by the Great Falls Townsite Company against John and Annie Kowell. Plaintiff appeals from a judgment in favor of defendants, and from an order denying it a new trial. Affirmed.

Cause submitted on briefs of counsel.

*Messrs. Cooper, Stephenson & Hoover,* for Appellant.

*Messrs. Greene & Cockrill,* for Respondent.

MR. JUSTICE SANNER delivered the opinion of the court.

These are separate appeals—one from the judgment and another from an order denying plaintiff a new trial—consolidated and submitted at the request of counsel for plaintiff, appellant here.

The action was in ejectment, the plaintiff claiming title to a certain tract of land in Cascade county in the possession of the defendants John and Annie Kowell. John Kowell answered, denying the plaintiff's title, pleading the statute of limitations, and affirmatively alleging facts and circumstances amounting to adverse possession for over twenty-two years, but without casting the affirmative allegations in the form of a counterclaim or cross-bill. Trial was to a jury, whose verdict was a general one "for the defendant." Upon this verdict, judgment was entered that defendant John Kowell have his costs, and further, that "the said defendant John Kowell have and retain possession of the lands in the answer of defendant described, he having established title thereto and the whole thereof by adverse possession according to law."

Upon neither appeal is there any brief or argument chal-
[1] lenging the justice or accuracy of the verdict, nor is it anywhere suggested that there is any reason why the plaintiff's motion for a new trial should have been granted. The order denying a new trial must therefore be affirmed.

On the appeal from the judgment, the only contention is that
[2] the judgment is too broad, in that it affirmatively adjudicates title in the defendant without sufficient basis in the pleadings for such adjudications and the only relief sought is a modification accordingly. In so far as the judgment determines the plaintiff to be without right or title, it is not assailed; yet by

that judgment the plaintiff is put out of the case, and, being out, it cannot complain of provisions in the judgment which are academic so far as its interests are concerned. As it is not injured by the scope of the judgment, it cannot be benefited by a modification thereof.

The judgment is therefore also affirmed.

*Affirmed.*

Mr. Chief Justice Brantly and Mr. Justice Holloway concur.